IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A.W. *et al.*, : | |
| : | |
| **Plaintiffs,** : | |
| : | Civil Action 2:21-cv-4934 |
| v. : | Chief Judge Algenon L. Marbley |
| : | Magistrate Judge Elizabeth P. Deavers |
| **RED ROOF INNS, INC.,** : | |
| *et al.*, : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter is before the Court on the Motion to Intervene by Proposed Intervenor Midwest Family Mutual Insurance Company ("Midwest"). (ECF No. 74). For the following reasons, Proposed Intervenor's Motion is **DENIED**.

### I. BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiff, A.W., alleges she was trafficked for sex at two Motel 6 hotels by G6 Hospitality, LLC ("G6"), among other hotels, in Columbus, Ohio. (ECF No. 31 at ¶¶ 12–17, 40). Plaintiff seeks to hold Defendant G6 and others liable for harboring, sheltering, facilitating, and otherwise participating in a sex trafficking venture on its hotel properties and financially benefitting from the sex trafficking she suffered. (*Id.*, ¶¶ 50–52, 117–18). Plaintiff commenced this action in October 2021 and included G6 as a defendant. (*Id.*). Defendant G6 filed an Answer to that Complaint in February 2022. (ECF No. 38). That same month, Plaintiff filed an Amended Complaint (ECF No. 31), and G6 responded with an Answer to the Amended Complaint shortly thereafter. (ECF No. 41).

1

In August 2022, pursuant to Federal Rule of Civil Procedure 24, Midwest moved to intervene for the purpose of seeking a declaratory judgment against G6 regarding its obligations related to insurance coverage, if any, to defend and/or indemnify G6. (ECF No. 74-1, ¶ 8). Midwest had issued an insurance policy to Hreet Hospitality, LLC ("Hreet"), the property owner of the two Columbus Motel 6 hotels. (ECF No. 74 at 3). G6 seeks coverage under the insurance policy provided to Hreet by Midwest as an additional insured for the claims asserted against G6 by Plaintiff in this litigation. (ECF No. 74-1, ¶ 6). At present, Midwest is defending G6 in this lawsuit, subject to a complete Reservation of Rights. (*Id.*, ¶ 7). Midwest argues it has a right to intervention, pursuant to Rule 24(a), in order to protect adequately its interests in this case. (ECF No. 74 at 4). Alternatively, Midwest argues this Court should exercise its discretion to grant permissive intervention. (*Id.* at 8). Both Defendant G6 and Plaintiff timely responded to Midwest's Motion on August 22, 2022 (*see* ECF Nos. 75; 76). Midwest did not reply. As the time has passed for Midwest to reply, this Motion is ripe for review.

## II. STANDARD OF REVIEW

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who:

> "claims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires movants to establish all elements of the following test: (1) that the motion was filed timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that an interest will be impaired without intervention; and (4) the current parties inadequately protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F. 3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F. 3d 394, 397–98 (6th Cir. 1999)). While the Sixth Circuit interprets the interest sufficient to

invoke intervention of right expansively, it "does not mean that any articulated interest will do." *Granholm*, 501 F.3d at 780. The analysis addressing the existence of a substantial legal interest "is necessarily fact-specific." *Id.*

Permissive intervention under Rule 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court considers whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *U.S. v. Michigan*, 424 F. 3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

### III. LAW & ANALYSIS

#### A. Intervention as of Right

In order to succeed on its motion, Midwest must meet all four parts of the test for intervention as of right laid out in *Granholm*. A "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F. 2d 343, 345 (6th Cir. 1989) (citing *Triax Co. v. TRW Inc.*, 724 F. 2d 1224, 1227 (6th Cir. 1984)). Midwest asserts it has satisfied this standard as it claims a substantial legal interest, which will be impaired absent intervention, and the parties in the lawsuit do not adequately represent that interest. (ECF No. 74 at 4–8). Moreover, Midwest asserts it timely sought intervention. (*Id.* at 5).

*1. Substantial legal interest*

This Court begins its analysis with a discussion of Movant's asserted interests in this case—prong two of the Sixth Circuit's required test.[1] Midwest claims it has a "substantial legal

---

[1] A successful motion to intervene must be timely, but even a timely motion for intervention as of right will fail if the other factors are not met. *Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000). Movant submitted its motion about ten months after Plaintiff filed her initial Complaint, and about six months after Plaintiff filed an Amended Complaint.

interest" in this lawsuit, namely concerning what obligations, if any, it owes to Defendant G6. (*Id*. at 5–6). Midwest alleges this interest is "direct," "substantial," and "significantly protectable" as G6 seeks coverage from Midwest for the claims asserted against it by Plaintiff. (*Id*.).

In response, Defendant G6 argues Midwest's interest here is contingent rather than direct. (ECF No. 75 at 7–8) (citing *Adams v. Ohio Univ.*, No. 2:17-cv-200, 2017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017) (finding that an insurer's interest is contingent, rather than direct, until the insurer "knows whether or not it owes a duty to defend and/or indemnify" an insured)). Plaintiff raises the same argument and adds that Midwest's only interest in this Motion is to preserve its right to intervene under Ohio law, which requires insurance companies to move to intervene or else they may be bound by collateral estoppel. (ECF No. 76 at 5–6); *see Howell v. Richardson*, 544 N. E. 2d 979, 881 (Ohio 1989).

Midwest's interest here is not substantial, as courts have routinely denied intervention to insurers contesting coverage, finding their interest in the underlying action merely contingent and not related to the cause of action. *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-00849, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (finding the intervention interest of an insurer of defendant hotel franchisors merely contingent rather than substantial, where Plaintiff's claim focused on sex trafficking violations under the TVPRA); *J4 Promotions, Inc. v. Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (insurer's claim to intervene in a copyright infringement/unfair competition action was wholly unrelated to the underlying intellectual property dispute, and therefore, intervention was inappropriate); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (denying an insurer's right to intervene reasoning that "[t]his lawsuit involves the apportionment of tort liability, not the respective rights and

---

Because the parties' discussion of timeliness is minimal, and because this Court finds Midwest's motion fails for other reason, it is not necessary to undergo an analysis of the timeliness of the motion in this case.

obligations of an insured and his insurers under their insurance policy"). Here, this Court finds Midwest's interest is merely contingent because its stake in this litigation is dependent on a determination of Defendant G6's liability and an adjudication of Midwest's obligations under the insurance contract, which are separate and apart from Plaintiff's TVPRA claim. *See Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (explaining that the insurer's interest was not direct nor substantial because it was contingent on the outcome of the litigation). It is therefore not sufficiently direct and immediate to justify intervention as a matter of right. Ultimately, this Court acquiesces to its own precedent, which makes clear that intervention is inappropriate where an insurer contests coverage and has no more than a contingent interest in the underlying action. *J4 Promotions*, 2010 WL 1839036, at *3.

Failure to allege a direct and substantial interest in the subject of the litigation is alone fatal to Midwest's claim for intervention as of right. The Court will also address, however, Midwest's argument relating to the third and fourth prongs of the *Granholm* test.

*2. Interest will be impaired without intervention*

Midwest argues that without being a party to this case, the issue of whether it is responsible for G6's insurance coverage will never be addressed, and it may be prohibited from raising that argument in the future. (ECF No. 74 at 6). Further, Midwest argues that to allow it to intervene is only in furtherance of judicial efficiency and would not prejudice the original parties. (*Id.* at 6–7). Both Defendant G6 and Plaintiff respond arguing that Midwest has other avenues to pursue this issue. (ECF Nos. 75 at 8–9; 76 at 7). Plaintiff counters that to add Midwest would only delay and prejudice the original parties because a new, complex issue of insurance would be introduced into the litigation. (ECF No. 76 at 6–7).

5

Midwest, however, is not without recourse here. An insurer in Midwest's position may still pursue a separate declaratory judgment action. In 2007, the Ohio Supreme Court clarified its prior ruling in *Howell* requiring an insurer to seek intervention to avoid subsequent collateral estoppel on the issue. The court ruled that where an insurer has sought and has been denied intervention, collateral estoppel will not prohibit future litigation with respect to the insurer's coverage. *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007). Therefore, Midwest is not collaterally estopped from pursuing future litigation against G6. Additionally, there is a risk of "delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute" because it would require Plaintiff "to become involved in a coverage dispute in which [she] does not yet have an interest." *M.A.*, 2022 WL 622124, at *4. Therefore, Midwest's interests will not be impaired without intervention, and to allow them to intervene will only prejudice the existing parties.

### 3. Sufficiency of representation

Midwest argues the existing parties do not adequately represent its interests, given that neither Plaintiff nor Defendant has a stake in determining Midwest's insurance coverage obligations. (ECF No. 74 at 7–8). Defendant G6 argues that both G6 and Midwest seek the same outcome, which is to obtain judgment in G6's favor, making their interests aligned. (ECF No. 75 at 9–10). Plaintiff does not substantively argue this point.

As Midwest's interest is contingent and its asserted interests will not be impaired if intervention is denied, this Court need not decide whether its interests are adequately represented. Even though the other parties are not litigating the issue of insurance coverage, however, it is not clear that Midwest's interests would not be adequately represented by the existing parties. Plaintiff and Defendant G6 here have a strong interest in litigating the issue of Defendant's liability under

6

the TVPRA, and Midwest has not sufficiently explained how a judgment in G6's favor would not obviate the need for Midwest to provide insurance coverage to G6. Accordingly, Midwest is not entitled to intervention as of right under Rule 24(a)(2).

### B. Permissive Intervention

Alternatively, Midwest seeks permissive intervention under Rule 24(b) which permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." (ECF No. 74 at 8). It argues Midwest's insurance coverage requirements are contingent on the outcome of this action and has questions of law and fact in common with A.W.'s claims against G6. (*Id.* at 9). Defendant G6 and Plaintiff, meanwhile, argue Midwest's dispute does not share common questions of law or fact with this lawsuit because they are related to coverage and contract interpretation, not sex trafficking. (ECF Nos. 75 at 10; 76 at 8). Defendant G6 cites to several Ohio federal court cases which found that "there is little overlap between claims related to an insurance policy brought by an insurer and a plaintiff's claims for damages resulting from a defendant's alleged conduct." (*Id.* at 10–11 (citing *Adams*, 2017 WL 4618993, at *2; *Design Basics, LLC v. A.J. Bokar Bldg. Co., Inc.*, No. 16-CV-669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) (The insurer "cannot establish that its insurance action shares questions of law and fact with the underlying copyright action"); *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-cv-00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply")). Furthermore, G6 asserts that Midwest's motion is untimely because it was filed nearly ten months after the Complaint. (*Id.* at 10). Plaintiff claims

this "unnecessary interjection[]" would require substantial time, energy, and delay to dispute and discover. (ECF No. 76 at 8–9).

Regardless of the timeliness of the Motion, the lack of commonality with the main action and the risk of delay and prejudice counsel against intervention. It is well established that "[e]ven a timely application for permissive intervention should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio Jun. 29, 2010). While Midwest is interested in the question of liability in this case, it is only insofar as it effects its coverage obligations. This interest is contingent on Plaintiff's success and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action. Accordingly, Midwest's interest is not based on a sufficiently similar question of law or fact.

Even where there is a common question of law or fact, the risk of delay and prejudice weigh against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute, and intervention would force Plaintiff "to become involved in a coverage dispute in which it does not yet have an interest." 2010 WL 1839036 at *4; *see also Krancevic v. McPherson*, 2004-Ohio-6915, ¶ 8, 2004 WL 2931012, at *2 (Ohio Ct. App., Dec. 16, 2004) ("an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend and indemnify its insureds and to pay any judgment entered against its insureds . . . would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay").

Accordingly, given the foregoing analysis, this Court declines to exercise its discretion to grant Midwest permissive intervention.

## IV. CONCLUSION

For the foregoing reasons, Proposed Intervenor Midwest's Motion to Intervene (ECF No. 74) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 12, 2022**