IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A.W., | : |
| Plaintiff, | : |
| | : Civil Action 2:21-cv-4934 |
| v. | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Elizabeth P. Deavers |
| RED ROOF INNS, INC., *et al.*, | : |
| Defendants. | : |

**OPINION & ORDER**

This matter is before this Court on the Motion to Intervene by Proposed Intervenor United Specialty Insurance Company ("USIC"). (ECF No. 79). For the following reasons, Proposed Intervenor's Motion is **DENIED**.

**I. BACKGROUND**

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiff, A.W., alleges she was trafficked for sex at two Motel 6 hotels by franchisor G6 Hospitality, LLC ("G6") in Columbus, Ohio from 1999 to 2019. (ECF Nos. 31 at ¶¶ 12–17, 40; 85 at 2). Plaintiff seeks to hold Defendant G6 and others liable for harboring, sheltering, facilitating, and otherwise participating in a sex trafficking venture on its hotel properties and financially benefitting from the sex trafficking she suffered. (*Id.*, ¶¶ 50–52, 117–18).

Plaintiff commenced this action in October 2021. (*Id.*). On October 27, 2022, pursuant to Federal Rule of Civil Procedure 24, USIC moved to intervene for the purpose of seeking a declaratory judgment against G6 regarding its insurance coverage obligations, if any, to defend and/or indemnify G6. (ECF No. 79 at 3). USIC had issued an insurance policy to Hreet Hospitality, LLC ("Hreet"), which operated one of the Motel 6 properties in which Plaintiff alleges she was

1

trafficked. (*Id.*). According to USIC, G6 claims to be an additional insured on Hreet's insurance policy pursuant to their franchise agreement (*Id.*). USIC seeks to participate in all aspects of the lawsuit to determine its rights and obligations to G6 under the USIC policy. (*Id.* at 4). Further, USIC also states that under Ohio law, it is required to move to intervene to avoid being collaterally estopped from raising the issue in the future. (*Id.* citing (*Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523–24 (Ohio 2007)). USIC argues it has a right to intervene, pursuant to Rule 24(a), to protect adequately its interests in this case. (*Id.* at 5). Alternatively, USIC argues this Court should exercise its discretion to grant permissive intervention. (*Id*. at 9).

Both Defendant G6 and Plaintiff timely responded to USIC's Motion on November 17, 2022 (*see* ECF Nos. 85; 86). USIC filed its Reply on December 1, 2022 (ECF No. 88); therefore, this Motion is ripe for review. (ECF No. 79).

## II. STANDARD OF REVIEW

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who:

> "claims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires movants to establish: (1) that the motion was filed timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that an interest will be impaired without intervention; and (4) the current parties inadequately protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F. 3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F. 3d 394, 397–98 (6th Cir. 1999)). While the Sixth Circuit interprets the interest sufficient to invoke intervention of right expansively, it "does not mean that any articulated interest will do." *Granholm*, 501 F.3d at 780. The analysis addressing the existence of a substantial legal interest "is necessarily fact-specific." *Id.*

2

Permissive intervention under Rule 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court considers whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *U.S. v. Michigan*, 424 F. 3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

### III.  LAW & ANALYSIS

#### A.  Intervention as of Right

In order to succeed on its motion, USIC must meet all four parts of the test for intervention as of right laid out in *Granholm*. A "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F. 2d 343, 345 (6th Cir. 1989) (citing *Triax Co. v. TRW Inc.*, 724 F. 2d 1224, 1227 (6th Cir. 1984)). USIC fails to meet all the *Granholm* factors.

*1. Timeliness*

Defendant G6 and Plaintiff argue that the litigation has progressed too far for USIC to intervene because this Motion was filed approximately twelve months after the Complaint. (ECF Nos. 85 at 4; 86 at 6). Defendant G6 alleges that USIC was notified of the action in November 2021, giving them plenty of time to intervene. (ECF Nos. 86 at 7; 87, ¶ 2). Courts have split on finding motions filed at similar stages of the case timely. *Cf. J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (finding motion to intervene not timely when filed three and a half months after complaint where there was risk of delay or prejudice to the original parties); *Indiana Ins. Co. v. Midwest Maint.*, No. C-3-99-351, 2000 WL 987829, at *2 (S.D. Ohio Jan. 7, 2000) (finding motion to intervene timely when filed slightly over three months after the complaint before significant discovery had taken place). USIC

3

argues that its Motion is timely because the operative Complaint was filed on February 1, 2022. (ECF No. 79 at 5). The reality, however, is that USIC waited nearly a year to intervene in this action and did not explain its delay. To allow USIC to intervene at this stage would only divert attention away from the underlying issues in this case. Therefore, USIC's Motion was untimely.

*2. Substantial legal interest*

USIC argues that the very fact that it could be responsible for indemnifying G6 demonstrates that it has a substantial legal interest in this matter. (ECF No. 79 at 7). Conversely, Plaintiff and G6 argue USIC's interest here is contingent rather than direct. (ECF Nos. 85 at 5; 86 at 8) (citing *Adams v. Ohio Univ.*, No. 2:17-cv-200, 2017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017) (finding that an insurer's interest is contingent, rather than direct, until the insurer "knows whether or not it owes a duty to defend and/or indemnify" an insured)). Plaintiff and G6 also argue that by filing this Motion USIC has preserved its right to intervene under Ohio law, which requires insurance companies to move to intervene or else they may be bound by collateral estoppel. (ECF No. 85 at 6; 86 at 10); see *Howell v. Richardson*, 544 N. E. 2d 979, 881 (Ohio 1989).

USIC's interest here is not substantial, as courts have routinely denied intervention to insurers contesting coverage, finding their interest in the underlying action merely contingent and not related to the cause of action. *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-00849, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (finding the intervention interest of an insurer of defendant hotel franchisors merely contingent rather than substantial, where Plaintiff's claim focused on sex trafficking violations under the TVPRA); *J4 Promotions, Inc. v. Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (insurer's claim to intervene in a copyright infringement/unfair competition action was wholly unrelated to the underlying intellectual property dispute, and therefore, intervention was inappropriate); *Travelers Indem. Co.*

4

*v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (denying an insurer's right to intervene reasoning that "[t]his lawsuit involves the apportionment of tort liability, not the respective rights and obligations of an insured and his insurers under their insurance policy").

USIC's interest is merely contingent because its stake in this litigation is dependent on a determination of G6's liability and an adjudication of USIC's obligations under the insurance contract, which are separate and apart from Plaintiff's TVPRA claim. *See Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (explaining that the insurer's interest was not direct or substantial because it was contingent on the litigation outcome). It is therefore not sufficiently direct and immediate to justify intervention as a matter of right. Ultimately, this Court acquiesces to its own precedent, which makes clear that intervention is inappropriate where an insurer contests coverage and has no more than a contingent interest in the underlying action. *J4 Promotions*, 2010 WL 1839036, at *3.

### 3. Interest will be impaired without intervention

In response to USIC's assertion that its interests will be impaired without intervention, Plaintiff and G6 assert that USIC's insurance dispute is not properly considered part of A.W.'s TVPRA claim, and such a dispute could "interfere with and in effect control the defense." (ECF Nos. 85 at 6–7; 86 at 10). Both parties also argue that USIC has other avenues to pursue this issue, and to add USIC now would only delay and prejudice the original parties because it involves a separate, complex insurance coverage dispute. (ECF Nos. 85 at 7; 86 at 10). Conversely, USIC maintains that the current parties do not represent their interest because only USIC has an interest in the underlying issue of indemnity. (ECF No. 88 at 3).

USIC is not without recourse here, because it may still pursue a separate declaratory judgment action. In 2007, the Ohio Supreme Court clarified its prior ruling in *Howell* requiring an

insurer to seek intervention to avoid collateral estoppel on the issue. The court ruled that where an insurer has sought and has been denied intervention, collateral estoppel will not prohibit future litigation with respect to the insurer's coverage. *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007). Therefore, USIC is not collaterally estopped from pursuing future litigation against G6 just because it filed this Motion. Additionally, there is a risk of "delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute" because it would require Plaintiff "to become involved in a coverage dispute in which [she] does not yet have an interest." *M.A.*, 2022 WL 622124, at *4. Therefore, USIC's interests will not be impaired without intervention, and to allow it to intervene will only prejudice the existing parties.

### 4. Sufficiency of representation

Defendant G6 and Plaintiff argue that both G6 and USIC seek the same outcome—to obtain judgment in G6's favor, making their interests aligned. (ECF Nos. 85 at 8; 86 at 10–12). USIC argues that its interests are unrepresented because no other party has an interest in determining if USIC must indemnify G6. (ECF No. 79 at 8). As USIC's interest is contingent and its asserted interests will not be impaired if intervention is denied, this Court need not decide whether its interests are adequately represented. Even though the other parties are not litigating the issue of insurance coverage, however, it is not clear that USIC's interests would not be represented adequately by the existing parties. Plaintiff and G6 have a strong interest in litigating the issue of Defendant's liability under the TVPRA. Accordingly, USIC is not entitled to intervention as of right under Rule 24(a)(2).

### B. Permissive Intervention

Alternatively, USIC seeks permissive intervention under Rule 24(b) which permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim

or defense that shares with the main action a common question of law or fact." (ECF No. 79 at 9). It argues USIC's motion is timely and alleges one common question of law or fact with the underlying lawsuit (*Id.*). Defendant G6 and Plaintiff, meanwhile, argue USIC's dispute does not share common questions of law or fact with this lawsuit because they are related to coverage and contract interpretation, not sex trafficking. (ECF Nos. 85 at 9; 86 at 13). Both assert that USIC's Motion is an unnecessary interjection that would require substantial time, energy, and delay to dispute and discover. (ECF Nos. 85 at 9–10; 86 at 14).

A motion for permissive intervention "should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio Jun. 29, 2010). It is well recognized that there is little overlap between claims related to an insurance policy brought by an insurer and a plaintiff's claims for damages resulting from a defendant's alleged conduct." (*Id.* at 10–11 (citing *Adams*, 2017 WL 4618993, at *2; *Design Basics, LLC v. A.J. Bokar Bldg. Co., Inc.*, No. 16-CV-669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) (The insurer "cannot establish that its insurance action shares questions of law and fact with the underlying copyright action"); *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-cv-00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply")). While USIC is interested in the question of liability in this case, it is only insofar as it effects its coverage obligations. This interest is contingent on Plaintiff's success and requires a separate inquiry into the insurance policy, which is wholly different from the TVPRA claims in the main action. Accordingly, USIC's interest is not based on a sufficiently similar question of law or fact.

Further, the risk of delay and prejudice weigh against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute, and intervention would force Plaintiff "to become involved in a coverage dispute in which it does not yet have an interest." 2010 WL 1839036 at *4; *see also Krancevic v. McPherson*, 2004-Ohio-6915, ¶ 8, 2004 WL 2931012, at *2 (Ohio Ct. App., Dec. 16, 2004) ("an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend and indemnify its insureds and to pay any judgment entered against its insureds . . . would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay").

Accordingly, given the foregoing analysis, this Court declines to exercise its discretion to grant USIC permissive intervention.

### IV. CONCLUSION

For the foregoing reasons, Proposed Intervenor USIC's Motion to Intervene (ECF No. 79) is **DENIED**.

**IT IS SO ORDERED.**

          **ALGENON L. MARBLEY**
          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 8, 2023**