UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A.W., an individual, : | |
| : | |
| Plaintiff, : | Case No. 2:21-cv-4934 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| BEST WESTERN INTERNATIONAL, INC. : | Magistrate Judge Elizabeth P. Devers |
| *et al.*, : | |
| Defendants. : | |
| : | |

## OPINION & ORDER

This matter comes before the Court on Plaintiff's Motion to Strike for Failure to State a Claim or Motion to Sever and Stay. (ECF No. 135). For the following reasons, this Court hereby **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion to Strike and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Sever and Stay.

## I. BACKGROUND

Plaintiff initiated this action on October 2, 2021, alleging that Defendant, Best Western International, Inc. (hereinafter, "BWI" or "Best Western"), is liable to her under § 1595(a) of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (hereinafter, "TVPRA"). (ECF No. 1). The Complaint details repeated occurrences of men trafficking Plaintiff at Best Western branded hotels from the years 2009 to 2016. (ECF No. 1). Specifically, the Complaint alleges that Defendant is liable under the TVPRA because Defendant: (1) knowingly benefitted from; (2) participating in a venture; (3) they knew or should have known engaged in a violation of the TVPRA. Best Western rejects these claims and maintains that its franchisees own and operate each hotel independently of Best Western.

1

In furtherance of this position, Defendant sought and was granted permission to file a Proposed Third-Party Complaint against its franchisee, Columbus Hotel Inc. (hereinafter, the "Franchisee") pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. (ECF No. 125). The Third-Party Complaint includes four claims: (1) contractual indemnification; (2) breach of contract; (3) common law or implied indemnification; (4) contribution. (*Id.*). The Third-Party Complaint relies on the theory that if Best Western is held liable to Plaintiff in violation of 18 U.S.C § 1595(a), the Franchisee is at least partially responsible, and thus is liable to Best Western for all or some of the damages awarded to Plaintiff. As such, Best Western argues the Franchisee should be brought into the case at bar. On July 24, 2023, Plaintiff responded by filing a Motion to Strike for Failure to State a Claim or a Motion to Sever and Stay, in the alternative. (ECF No. 135).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 14, which governs third-party practice, provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "Although Rule 14(a) has never expressly provided for a motion to dismiss third-party claims, the federal courts have entertained both motions to dismiss and to strike and have not drawn distinctions between them." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1460 (3d ed.). Accordingly, this court applies the standard of review for motions to dismiss under Rule 12(b)(6). *See Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1056 (W.D. Tenn. 2011). This Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F. 3d 950, 958-59 (6th Cir. 2005).

2

**III. LAW & ANALYSIS**

Plaintiff argues that the claims in the Third-Party Complaint must be stricken because: (1) there is no right to indemnity or contribution, either express or implied, under the TVPRA of federal common law; (2) the claims in the Third-Party Complaint are not ripe because they are contingent on the success of Plaintiff's claims; and (3) the claims are barred by the doctrine of obstacle preemption. Defendant responds by stating that: (1) other courts have allowed for impleader under a similar set of facts; (2) Rule 14 permits third-party actions where the right to contribution has not yet accrued because the third party "may be" liable to the original defendant; and (3) allowing for impleader in this circumstance would not frustrate the purpose of the TVPRA, thus quieting any claims of obstacle preemption.

*A. Federal Right to Indemnification and Contribution*

Plaintiff first argues that Best Western's claims should be dismissed because the TVPRA doesn't expressly or implicitly create a right to contribution for those held liable. (ECF No. 135 at 5). Plaintiff is correct that the TVPRA does not appear to create—explicitly or implicitly—a right to contribution or indemnification actions. To start, the text of the statute is silent on the issue. *See* 18 U.S.C. § 1595 *et seq*. And in considering whether a statute creates an implicit right to contribution, courts also consider whether the party claiming contribution or indemnification is among those the statute seeks to benefit; whether the scheme is comprehensive such that it would be inappropriate to engraft another judicial remedy; and and the statute's legislative history. *Nw. Airlines, Inc. v. Transp. Workers Union of Am.*, AFL-CIO, 451 U.S. 77, 91 (1981). To state the obvious, hotel chains are not trafficking victims, and are therefore, not part of the class that the "Trafficking Victims Protection Reauthorization Act" is designed to protect. And generally, courts are reticent to engraft new remedies onto a statute. *Id.* The legislative history of the TVPRA

3

supports such reticence here since Congress has amended the statute at least seven times and repeatedly declined to include an explicit right to contribution or indemnification. As a result, Best Western's Count IV (mislabeled as a second "Count III") for "Contribution," which is not based in common law or contractual rights, is **STRICKEN.**

Next, Plaintiff argues that Best Western's claims must be dismissed to the extent that they seek contribution or indemnification under federal common law. Best Western brings a claim for "Common Law/Implied/Equitable Indemnification/Negligence." (ECF No. 125 at 9). Claims for common law indemnification—as opposed to contractual indemnification—are, in effect, claims for contribution. *See United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1497 n.10 (S.D. Ohio 1991) (finding that without a contractual basis for indemnification, the defendant's "claim is merely an equitable one, and as such, it is a claim for total contribution"). It is now a "familiar principle that a federal contribution action is virtually always a creature of a specific statutory regime." *Guam v. United States*, 141 S. Ct. 1608, 1613 (2021). Because contribution does not implicate "uniquely federal interests," such as "the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations," courts are not obliged to effectuate it by creating federal common law. *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641-42 (1981). This Court sees no reason to make an exception to that rule here. Accordingly, Best Western's Count III claim for "Common Law/Implied/Equitable Indemnification/Negligence," which amounts to a claim for contribution, is **STRICKEN**.

### B. State Law Contract-Based Indemnification

Plaintiff is correct in that there is no right to indemnity or contribution under the TVPRA or federal common law, but Best Western also seeks to bring state law claims against Franchisee

4

for Contractual Indemnification and Breach of Contract of the Franchise Agreement, which is governed by Arizona state law. (ECF No. 125-1). Federal Rules of Civil Procedure 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). It is not enough that a third-party complaint arises out of the same set of facts as the initial complaint; the third-party pleading is only permissible where the third-party defendant's liability to the third-party plaintiff is "dependent on the outcome of the main claim." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008); *see also United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967) ("it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.").

The remedial nature of the Rule requires that it be construed liberally. *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969). In other words, "timely motions for leave to implead third parties should be freely granted . . . unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 322 (N.D. Ohio 2008) (internal citations omitted).

Looking to the Rule's purpose, the Sixth Circuit notes that the Rule exists "to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co.* 512 F.3d at 805 (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D.Va.2003). Further, the Rule ensures that judicial resources are used efficiently—by bringing in affected parties in one action, the Court may adjudicate several claims at once, thus

5

avoiding the need for additional and redundant trials in the future. *See Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y.2004).

Plaintiff argues that Best Western's contractual claims are "based on separate contracts," and therefore, ought to be dismissed. *See Pretty Prods.*, 780 F. Supp. at 1497 n.10. But indemnification "is the quintessential third-party claim contemplated by Rule 14(a)." *Nationwide Mut. Ins. Co. v. Bridgestreet Corp. Hous. LLC*, 2:09-cv-957, 2010 WL 3910558, at *4 (S.D. Ohio Oct. 5, 2010). Indeed, *Pretty Products*, the case on which Plaintiffs rely for the notion that the Franchise Agreement is a "separate contract," in turn relies on a case that involved a contract much more attenuated from the initial lawsuit. There, when the United States sued a borrower to recover on defaulted student loan debt, the court rejected the borrower's attempt to implead his law school for breach of contract because it failed to award him a J.D. degree. *See United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987). In that context, the court rightfully concluded that "[w]hether Olavarrieta is entitled to any relief on this claim is wholly independent of his liability to the government for defaulting on his student loans." *Id.* The same is not true here. Best Western sufficiently pleads that the Franchisee has contractually agreed to indemnify Best Western for any actions in connection with or incident to the use, condition or operation of the hotel, including acts of hotel employees. (ECF No 125 at 7-8). And Best Western alleges that any liability it may have to Plaintiff is a direct result of Franchisee's breach of contract when it failed to "abide by all obligations in the adopted Bylaws and Rules and Regulations." (ECF No. 125 at 8). Should Best Western be found liable for a violation of the TVPRA, the Franchisee may very well be liable to Best Western "for all or part of the claim against it." F.R.C.P. 14(a)(1).

While neither the parties nor this Court find any cases on point, this Court's conclusion is bolstered by *A.B. v. Marriott Int'l, Inc.*, 2020 WL 3642485 (E.D. Pa. July 6, 2020). There, the

6

court granted a motion to file a third-party complaint similar—though not entirely analogous—to the one at hand. *Id.* at *2. The plaintiff in *A.B.* brought a TVPRA claim against a hotel franchisor and did not object when the defendant-franchisor elected to implead its franchisees, but did oppose its attempt to implead the alleged sex traffickers themselves. *Id.* at *5. There, the court concluded that the TVPRA contemplates liability for multiple parties because it "opened the door for liability against facilitators who did not directly traffic the victim, but benefitted from what the facilitator should have known was a trafficking venture." *Id.* at *3. It then turned to focus on whether impleader for indemnity and contribution was proper under state law and the language of Rule 14(a). *Id.* The court ultimately allowed the franchisor defendant to file a third-party complaint against the traffickers. Given that, here, there is an express right to indemnification created by Best Western's contract with its franchisee that was absent between the franchisor and the traffickers in *A.B.*, the grounds to allow impleader here are even stronger. As a result, this Court **DENIES** Plaintiff's Motion to Strike Best Western's Third-Party Complaint, only with respect to its contractual claims, Counts I and II.

### C. Obstacle Preemption

Plaintiff next argues that Best Western's Third-Party Complaint is barred by the doctrine of obstacle preemption. Obstacle preemption applies to state law attempts to shift responsibility when they "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 601 (4th Cir. 2010). But allowing impleader in this instance is not offensive to the purpose of the TVPRA. Plaintiff correctly points out that "Congress intended for *all* those who knowingly financially benefit from human trafficking to be liable. . ." (ECF No. 135 at 11) (emphasis added) and directs this Court to no authority suggesting that indemnification undermines Congress's purpose of making trafficking victims whole. By impleading its Franchisee, Defendant brings into the fold

another party who "is or may be" liable to Plaintiff for harm caused. Accordingly, Plaintiff's argument holds little weight. Federal law does not preempt Best Western's contractual claims under state law.

### D. Ripeness

Next, Plaintiff argues that Defendant's Proposed Complaint should be dismissed because it is based "entirely on future speculative injuries with uncertain and undeterminable damages." (ECF No. 135 at 9). The apparent logic is that because the outcome of the third-party complaint is contingent on the main claim brought by plaintiffs, the third-party complaint should either be dismissed or severed and stayed. Plaintiff's argument is unavailing.

The text of the Rule guides this Court's analysis. Rule 14 permits "actions against a nonparty who is or *may be* liable . . . for all or part of the claim against it." Fed. R. Civ. P. 14(a) (emphasis added). Accordingly, third-party claims are permissible when they are dependent on the result of the main claim—in fact, they must be. *Am. Zurich Ins. Co*. 512 F.3d at 805; *see also Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d Cir. 1994) (stating that Rule 14(a) "permits a defendant to bring in a third-party defendant even though the defendant's claim is purely inchoate—i.e., has not yet accrued under the governing substantive law—so long as the third-party defendant may become liable for all or part of the plaintiff's judgment.")**.**

Here though Defendant's claims of indemnity and contribution have not accrued, the liability of Defendant's franchisee hinges entirely on the outcome of Plaintiff's claims. If a jury finds that the Defendant is liable, an initial reading of the Membership Agreement suggests that certain contractual rights may be triggered. (ECF No. 125). In the Agreement, the Franchisee agrees to indemnify the Defendant for all lawsuits arising "arising out of, or contributed to, in whole or in part, by reason of any alleged act, omission, fault mistake, or negligence of [the Franchisee] . . ." *Id.* The current action clearly seems to be the sort of situation that this provision

8

contemplates. Taken together, it appears that the Franchisee *may be* liable to Defendant, and thus, the timing of Best Western's Third-Party Complaint is squarely within the confines of Rule 14.

### E. Severance and Stay

Plaintiff also requests that this Court "sever all claims in Best Western's Third-party Complaint and stay them pending the resolution of Plaintiff's current above-mentioned claim against Defendant Best Western International" under either Rule 14(a) or Rule 42(b). (ECF No. 135 at 12-13). As mentioned above, under Rule 14(a), a court may sever a third-party claim. And under Federal Rule of Civil Procedure 42(b), a court has discretion to bifurcate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."

Given the degree to which the facts, parties, and evidence of the main case and the third-party action may overlap, this Court does not see the need to sever or stay the third-party suit at this juncture. This Court agrees with the Court in *A.B.* that "these considerations are best left until raised by the parties after discovery can delineate where facts are intertwined or overlap." 2020 WL 3642485, at *5. Accordingly, to the extent that Plaintiff's Motion serves as a Motion to Sever and Stay, it is **DENIED WITHOUT PREJUDICE.**

### III. CONCLUSION

This Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion to Strike and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Sever and Stay

IT IS SO ORDERED.

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:** March 29, 2024