IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A.W.,

        **Plaintiff,**

        v.

RED ROOF INNS, INC., *et al.*,

        **Defendants.**

Civil Action 2:21-cv-4934
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant/Third-Party Plaintiff Best Western International, Inc.'s ("BWI") Emergency Motion to Stay Deposition, Quash Subpoena and for Protective Order Regarding Plaintiff's Subpoena to Depose BWI's Former General Counsel and Current Chief Executive Officer/President, Larry Cuculic. (Mot., ECF No. 213.) Plaintiff filed an Opposition to BWI's Motion. (Resp., ECF 216.) BWI filed a Reply in support of its Motion. (Reply, ECF No. 217.) This matter is ripe for judicial review. For the reasons stated herein, BWI's Motion to Quash Subpoena is **GRANTED**.

### I.    BACKGROUND

Plaintiff issued a subpoena and notice of deposition to Mr. Cuculic on October 17, 2024. (ECF Nos. 213-6, 213-7.) Plaintiff noticed the deposition for October 28, 2024. (*Id.*) Discovery closed on October 28, 2024. BWI requests that the Court quash the subpoena to and notice of deposition of Mr. Cuculic and grant a protective order preventing Plaintiff from deposing Mr. Cuclic.[1] (Mot. at PageID 4207.)

---

[1] The Court temporarily stayed Mr. Cuculic's deposition on October 25, 2024. (ECF No. 214.)

BWI argues that Plaintiff's subpoena and notice

> (1) seek information from Mr. Cuculic relating to his time as BWI's General Counsel, plainly protected by attorney-client and work-product privilege; (2) seek testimony cumulative of that which Mr. Pohl gave as BWI's corporate witness over a month ago and cumulative of documents produced in this case that speak for themselves; (3) subject Mr. Cuculic and BWI to annoyance, harassment, oppression , and undue burden, including insufficient time for deposition preparation; and (4) seek irrelevant information that post-dates Plaintiff's alleged trafficking at the Hotel and that cannot establish any of the requirements under the TVPRA to subject BWI to liability.

(*Id.* at PageID 4208.)

Plaintiff, for her part, spends a good deal of time outlining the deficiencies she perceives in the discovery process, many of which she raises in her Motion to Compel (ECF No. 206) that the Court will address separately. As to the specific issues here, Plaintiff argues that "Mr. Cuculic's testimony is necessary and not available from any other individual." (Resp. at PageID 4563.) Plaintiff further claims that the testimony she seeks is relevant and not privileged. (*Id.* at PageID 4572–74.)

## II.    STANDARD OF REVIEW

Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court is satisfied that the parties met these prerequisites.

Federal Rule of Civil Procedure 45 governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). Upon a

timely motion to quash, a court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted). The party seeking to quash a subpoena bears the ultimate burden of proof. *Id.* (citing *White Mule Co. v. ATC Leasing Co. LLC,* 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008)). When a party attempts to depose an adverse attorney, however, that party must demonstrate that "(1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Gruenbaum v. Werner Enterprises, Inc.*, 270 F.R.D. 298, 309 (S.D. Ohio 2010) (citing *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986)) (cleaned up) ("*Shelton* test").[2]

### III. ANALYSIS

First, the Court finds that BWI has standing to object to the subpoena. A party with a claim of privilege with respect to the materials being sought by the subpoena has a right to object. *See Hendricks*, 275 F.R.D. at 253 (citation omitted). Second, as set forth in more detail below, the Court holds that Plaintiff fails to establish that the information she seeks is not

---

[2] The *Shelton* test does not automatically apply. *See Abington Emerson Cap., LLC v. Landash Corp.*, No. 2:17-CV-143, 2019 WL 3779779, at *2 (S.D. Ohio Aug. 12, 2019) (evaluating whether the *Shelton* test applies to a former in-house counsel attorney). Plaintiff, however, does not argue that the *Shelton* test is inapplicable. In fact, she does not mention *Shelton*. The Court finds that the *Shelton* test does apply. Mr. Cuculic, as General Counsel, oversaw this litigation and was involved with compliance with the Trafficking Victims Protection Reauthorization Act ("TVPRA"). (Mot. at PageID 4207, 4214.)

protected by the attorney-client privilege. Moreover, a large portion, if not all, of Plaintiff's requests for information relate to Mr. Cuculic's assessments and recommendations regarding compliance with the TVPRA. (Resp. at PageID 4563–65, 4566–67, 4569–70, 4573–4.) These assessments and recommendations are privileged. *Cooey v. Strickland*, 269 F.R.D. 643, 650 (S.D. Ohio 2010) ("'[W]hen a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation—or that advocates and promotes compliance, or oversees implementation of compliance measures—is legal advice.'") (citing *In re Cnty. of Erie*, 473 F.3d 413, 422 (2d Cir. 2007). In addition, Plaintiff does not address BWI's argument that she seeks privileged assessments and recommendations, in effect conceding BWI's position. *Miller v. Ohio C.R. Comm'n*, No. 2:21-CV-03973, 2022 WL 974414, at *4 (S.D. Ohio Mar. 31, 2022) ("the plaintiff had waived claim by failing to respond to or refute arguments made by the defendants in the district court") (citing to *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631 (W.D. Mich. 2015); *Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. A'ppx 567 (6th Cir. 2013)). In the absence of any meaningful reasoning from Plaintiff, the Court concludes that the communications are privileged. The Court notes that it must quash or modify the subpoena on this basis alone. Fed. R. Civ. P. 45(d)(3)(A)(iii).

Additionally, the Court notes that efforts to depose opponent's counsel, including in-house counsel, are generally disfavored. *See Kennedy v. City of Zanesville*, No. 2:03-CV-1047, 2006 WL 8442130, at *5 (S.D. Ohio Oct. 20, 2006). "It is viewed as a drastic step likely to divert attention from the merits of the parties' claims. Such depositions are disruptive of the adversarial system. It holds the potential for delay, disruption, harassment, and litigation of collateral matters." *Id.* (citations omitted).

4

Turning to the substance of BWI's Motion, the Court concludes that Plaintiff fails to meet her burden under the *Shelton* test.

### A. Plaintiff does not demonstrate that no other means exist to obtain the information sought.

Plaintiff fails to meet the first *Shelton* factor. BWI argues that "Plaintiff can obtain any information not precluded by privilege, irrelevance, or duplication through less imposing means than the deposition of BWI's CEO and President." (Mot. at PageID 4219.) BWI explains that it would be less burdensome and harassing to seek discovery from non-party American Hotel and Lodging Association ("AHLA") regarding the materials it distributed about human trafficking to the hotel industry rather than to depose Mr. Cuculic. (*Id.*) Plaintiff, on the other hand, does not address this argument beyond a conclusory statement that BWI "now seeks to avoid the deposition of the one witness who may have" answers to her questions related to "commercial sex issues." (Resp. at PageID 4567.) The Court is therefore unable to evaluate this factor and finds that Plaintiff has failed to meet her burden.

### B. Plaintiff does not demonstrate that the information sought is nonprivileged.

Plaintiff fails to satisfy the second *Shelton* factor. Although the Court finds that Plaintiff has minimally met her burden to demonstrate that the information sought is relevant, she fails to demonstrate that the information is nonprivileged. (Resp. at PageID 4566–67.)

BWI argues that Plaintiff seeks information protected by the attorney-client and work product privilege. (Mot. at PageID 4213–15; Reply at PageID 4678–81.) BWI contends that that its "efforts to recognize the potential implications of the TVPRA and its potential impact on its independently owned and operated hotels as well as the brand, as well as implementing awareness-based policies and education opportunities for its member hotels squarely constitutes legal advice." (Mot. at PageID 4214, citing *Cooey*, 269 F.R.D. at 651.) BWI also asserts that

"an attorney's assessments and recommendations with respect to legal compliance are protected by the attorney-client and work product privileges." (Mot. at PageID 4214–15; Reply at PageID 468.)  The Court agrees.

Plaintiff merely contends that the testimony she seeks "is not intended to request privileged information." (Resp. at PageID 4567.)  Plaintiff seeks to ask Mr. Cuculic "questions regarding how he became aware of the problem of human trafficking within the hospitality industry, when he became aware of it, his conversations with others in the hospitality industry (including AHLA) about human trafficking, what BWI member hotels have told him about human trafficking at their hotels, what information he shared with AHLA and vice versa." (*Id.* at PageID 4573–74.)  Plaintiff again provides a conclusory statement that this information is not protected by privilege without explanation or argument: "[n]one of this information is protected by any privilege." (*Id.* at PageID 4574.)

Therefore, the Court finds that Plaintiff has failed to meet her burden.

C. **Plaintiff has not demonstrated that the information sought is crucial to her case.**

Neither party discusses whether the information sought is crucial.  The Court cannot evaluate this factor and finds that Plaintiff has failed to meet her burden.

IV. **CONCLUSION**

For the foregoing reasons, BWI's Motion to Quash (ECF No. 213) is **GRANTED**, and the subpoena to Mr. Cuculic is **QUASHED**.  Because the subpoena is quashed, BWI's request for a protective order is **DENIED AS MOOT**.

IT IS SO ORDERED.

Date: December 9, 2024  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE