IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A.W.,

      **Plaintiff,**

      v.

RED ROOF INNS, INC., *et al.*,

      **Defendants.**

Civil Action 2:21-cv-4934
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel Discovery Regarding Corporate Knowledge of Human Trafficking. (Mot., ECF No. 206.) For the reasons stated herein, Plaintiff's Motion is **GRANTED in part**.

### I. BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiff, A.W., alleges that she was trafficked for sex at two Motel 6 hotels by Defendants G6 Hospitality Franchising LLC and G6 Hospitality LLC ("G6") in Columbus, Ohio from 1999 to 2019. (ECF No 104, at ¶¶ 35, 40, 72, 115–19.) Plaintiff moves to compel G6 to produce discovery regarding corporate general knowledge of sex trafficking. (Mot., ECF No. 206.) The Court notes that the subject-matter of this Motion is strikingly similar to the subject-matter of motions to compel granted by the Court in two other TVPRA cases. *See H.H. v. G6 Hosp., LLC*, No. 2:19-CV-755, 2021 WL 1711297, at *1 (S.D. Ohio Apr. 30, 2021) ("*H.H.*"); *M.A. v. Wyndham Hotels & Resorts, Inc., et al.*, Case No. 2:19-cv-849, ECF No. 320

("*M.A.*").[1]

G6 filed an Opposition to Plaintiff's Motion to Compel Discovery. (Resp., ECF 209.) Plaintiff filed a Reply in Support of and Opposition to G6's Response to her Motion to Compel Discovery Regarding Corporate Knowledge of Human Trafficking. (Reply, ECF No. 212.) This matter is ripe for judicial review.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court is satisfied that the parties met these prerequisites.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

---

[1] G6 correctly points out that the Court limited the Opinion and Order in *H.H.* and *M.A.* to the discovery disputes between the plaintiffs and Defendant Wyndham Hotels & Resorts, Inc ("Wyndham"). (Resp. at PageID 3836, quoting *H.H.*, 2021 WL 1711297, at *9.) Plaintiff, however, is not attempting to use the Opinion and Order as a sword; she does not seek an Order directing G6 to produce exactly what the Court required Wyndham to produce. Rather, Plaintiff relies on the analysis in the Opinion and Order and tailors her requests to G6. (Mot. at PageID 3661–62.) Additionally, G6 utterly fails to persuade Court as to why the Court's reasoning in *H.H.* and *M.A.* regarding the relevancy of general corporate knowledge should not apply in this case.

proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* the Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should

3

be able to explain the ways in which the underlying information bears on the issues as that party understands them").

### III. ANALYSIS

Plaintiff seeks "corporate knowledge about the prevalence of sex trafficking/commercial sex at G6's Motel 5 [sic] properties other than the locations where A.W. was trafficked." (Mot. at PageID 3649.) Plaintiff argues that her discovery requests are relevant and proportional. (*Id.* at PageID 3650–61.) G6 contends that Plaintiff's requests are irrelevant to her TVPRA claim and place an "onerous burden" on G6. (Resp. at PageID 3833–38, 3839–40.)

#### A. Relevancy

Plaintiff argues that her discovery requests are relevant to her claim under the beneficiary theory of Section 1595(a). (Mot. at PageID 3649.) Plaintiff asserts that the standard for the beneficiary theory is as follows: "'(1) the person or entity must 'knowingly benefit[], financially or by receiving anything of value'; (2) from participating in a venture; (3) that the 'person knew or should have known has engaged in an act in violation of this chapter.' § 1595(a)." (*Id.* at PageID 3649.) Plaintiff claims that her requests are relevant because the information sought will allow her to prove the knowledge element of Section 1595(a). (*Id.* at PageID 3650–51.)

> [T]he discovery A.W. seeks from G6 . . . will show the unquestionably relevant information about whether and to what extent G6 was 'on notice about the prevalence of sex trafficking generally' and whether through failing to engage in reasonably diligent corporate conduct it 'failed to implement policies sufficient to combat' it, or failed to engage in conduct that would have put it on notice and prevented G6 from benefitting from the sex trafficking.

(*Id.* at PageID 3649, citing to *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 968 (S.D. Ohio 2019).)

4

G6 counters that Plaintiff's requests are not relevant to her claim under Section 1595(a). (Resp. at PageID 3819.) G6 claims that "discovery is only relevant under this statute if it tends to prove or disprove these specific elements: 1) knowing benefit, 2) from participation in a venture, 3) that venture violated TVPRA *as to the plaintiff*, and 4) knowledge (actual or constructive) that the venture violated the TVPRA *as to the plaintiff*." (*Id.* at PageID 3833 (emphasis added).) G6 argues that the "relevant inquiry is venture-specific or property-specific, not general knowledge." (*Id.*)

The Court finds that G6's general knowledge of sex trafficking is relevant to Plaintiff's TVPRA claim. G6's general knowledge of sex trafficking could reasonably bear on how G6 should have interpreted signs of A.W.'s alleged trafficking. Moreover, this Court has repeatedly held that allegations of general knowledge and failure to act constitute constructive knowledge, including in this case. *A.W. v. Red Roof Inns, Inc.*, No. 2:21-CV-04934, 2022 WL 17741050, at *6 (S.D. Ohio Dec. 16, 2022) ("This Court has previously held that notice of 'the prevalence of sex trafficking generally at their hotels,' the failure 'to take adequate steps to train staff in order to prevent its occurrence,' and signs that 'should have alerted staff to [Plaintiff's] situation' are sufficient to meet the constructive knowledge requirement.") (citing *M.A.*, 425 F. Supp. 3d at 968); *see also S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2024 WL 277117, at *1 (N.D. Ohio Jan. 25, 2024) ("General knowledge in combination with facts about S.C.'s particular circumstances can establish that the Red Roof Defendants should have known about S.C.'s trafficking. That is because general knowledge about sex trafficking could color how the Red Roof Defendants should have interpreted signs of S.C.'s trafficking.").

G6's opposition is unpersuasive and misconstrues both the law and Plaintiff's position. First, G6 inserts the phrase "as to the plaintiff" into the language of Section 1595(a). (Resp. at

5

PageID 3833.)  G6 also cites *T.P. v. Wyndham Hotels & Resorts, Inc.*, No. 2:21-CV-04933, 2022 WL 17363234, at *7 (S.D. Ohio Dec. 1, 2022) and *S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2024 WL 2186173, at *6 (N.D. Ohio May 15, 2024) for support, but neither case stands for the proposition that general knowledge is irrelevant.  In fact, both cases indicate the opposite.  In *T.P.*, the Court noted that "[t]his Court has previously held that notice of 'the prevalence of sex trafficking generally at their hotels,' the failure 'to take adequate steps to train staff in order to prevent its occurrence,' and signs that 'should have alerted staff to [Plaintiff's] situation' are sufficient to meet the constructive knowledge requirement." 2022 WL 17363234, at *7 (citing *M.A.*, 425 F. Supp. 3d at 968).  In *S.C.*, the Northen District of Ohio held that *only* general knowledge about industry-wide sex trafficking was not sufficient to overcome summary judgment, citing its prior discovery order that held general knowledge to be relevant.  2024 WL 2186173, at *6 (citing *S.C.*, 2024 WL 277117, at *1).  In addition, G6 argues that Plaintiff "grossly overstates" this Court's prior holdings.  (Resp. at PageID 3835–36.)  It appears that G6 makes the inapposite argument that this Court should disregard those holdings because they were rulings on motions to dismiss and not on the proper scope of discovery.  (*Id.*)  G6, however, fails to explain how general corporate knowledge of sex trafficking would not be relevant considering this Court's holdings that corporate knowledge bears directly on the constructive knowledge element of a TVPRA claim.

Second, G6 frequently mischaracterizes Plaintiff's requests.  G6, for example, claims that Plaintiff seeks to "plumb information concerning *any incident* at any other G6 hotel—involving other people in other geographies—during other periods of time." (Resp. at PageID 3819 (emphasis in original).)  Plaintiff, however, clearly seeks information regarding a specific type of incident: "any incident of commercial sex/prostitution/human sex trafficking of which G6

6

corporate and Motel 6 corporate had knowledge of across its Motel 6 properties." (Reply at PageID 4123.)

Having found that Plaintiff meets her burden under the relevancy inquiry, the Court turns to whether her requests are proportional.[2]

### B.     Proportionality

Plaintiff argues that her discovery requests are proportional under the Rule 26(b) factors.[3] (Mot. at PageID 3652–61.) G6 only contests the last factor—whether the burden outweighs the benefit—so the Court will only consider the parties' arguments on that factor. (Resp. at PageID 3839–40.)

Plaintiff maintains that the burden of the proposed discovery does not outweigh its likely benefit. (Mot. at PageID 3661.) Plaintiff claims that "much of the information that will be gathered in this case can be utilized in the other G6 cases that are before this Court." (*Id.*) G6 counters that Plaintiff's requests place an "onerous burden" on G6, as compliance would result in hundreds of thousands of documents and attorneys' fees. (Resp. at PageID 3840, 3828–31.) G6 contends that it "would need to collect documents on an immense scale at a disproportionate cost." (*Id.* at PageID 3840.) G6 reiterates its claim that the information sought is irrelevant. (*Id.*) Plaintiff, in her reply, emphasizes that G6 misstates her requests and fails to demonstrate that her requests are not proportionate. (Reply at PageID 4141.) Plaintiff also notes that G6's declarations draw "conclusions of burden based on . . . unrequested searches." (*Id.* at PageID

---

[2] Plaintiff also contends that the information she seeks is relevant because her claim for punitive damages relies on general corporate knowledge. (Mot. at PageID 3652.) The Court declines to reach this issue here, as it finds the argument moot in light of its foregoing analysis.
[3] The Rule 26(b) proportionality factors are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

7

4135.)

The Court finds that G6 has not established that the burden of the proposed discovery outweighs its likely benefit. G6 primarily bases its burden argument on its contention that Plaintiff's requests are not relevant. (Resp. at PageID 3839–40.) In addition, G6's declarations in support of its burden argument are not particularly helpful to the Court's analysis. Neither declaration is based on Plaintiff's requests and instead rely on search terms used in G6's response to a Motion to Compel filed in a District of New Mexico TVPRA case, 1:23-CV-00879, ECF No. 60. (ECF Nos. 209-12, 209-13.) As G6's proportionality argument is not related to Plaintiff's requests, the Court finds that G6 has failed to meet its burden of showing how Plaintiff's requests are unduly burdensome.

C. **Specific Requests**

Plaintiff includes a number of specific discovery requests in her Motion. (Mot. at PageID 3661–62.) The Court declines to evaluate each request. The parties are **DIRECTED** to meet and confer regarding those requests. The Court expects the parties to utilize its Order in *H.H.*, ECF No. 185 and *M.A.*, ECF No. 320 as a starting point for their discussions. In addition, the Court expects the parties to reach an agreement on appropriate search terms without the Court's intervention.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No. 206) is **GRANTED in part**. The Court **ORDERS** the following:

1) Plaintiff may discover what G6 knew generally about sex trafficking, not just what G6 knew "specifically" at the specific hotel where A.W. was trafficked;

2) The parties must meet and confer regarding Plaintiff's second specific request;

3) That G6's search obligations are to provide production from 2008, which is when the

      TVPRA authorized civil liability and only (2) years before A.W.'s trafficking began, [to] present, which is four (4) years after the end of Plaintiff's trafficking period; and

4) That G6 search the files identified by G6's corporate representative (Risconnect, Medallia, Navx and hard drive systems) and the custodians identified by G6.

**IT IS SO ORDERED.**

Date: January 17, 2025　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**